# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Hector Galicia Cuevas, | Case No. 25-cv-528 (NEB/DLM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden, FCI Sandstone, | |
| Respondent. | |

This matter is before the Court on review of Petitioner Hector Galicia Cuevas's Petition for a Writ of Habeas Corpus. (Doc. 1.) The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Mr. Galicia Cuevas challenges the determination of the Federal Bureau of Prisons ("BOP") that he is ineligible to apply time credits earned under the First Step Act of 2018 ("FSA") due to a final order of removal having been entered against him. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws."). Respondent was previously directed to supply evidence that Mr. Galicia Cuevas is subject to a final order of removal if it could. (*See* Doc. 4.) In response, the government has submitted a copy of what appears to be a facially valid Final Administrative Removal Order entered with

respect to Mr. Galicia Cuevas on January 23, 2025.[1] (*See* Doc. 7-1 (Declaration of Leia Bates, Ex. A).) Mr. Galicia Cuevas was afforded an opportunity to reply to the government's response but has failed to do so, and the deadline for filing a reply has now expired.

Mr. Galicia Cuevas's habeas petition can be understood as raising any of three possible claims.[2] The first potential claim is that Mr. Galicia Cuevas is simply not subject to a final order of removal and therefore the exclusion of § 3632(d)(4)(E)(i) does not apply to him. As just explained, however, the government has submitted evidence establishing that Mr. Galicia Cuevas is, in fact, subject to a final order of removal, and Mr. Galicia Cuevas has not submitted any countervailing evidence or provided any reason to believe that the order of removal does not apply to him.

The second potential claim is that even if an order of removal has been entered, the limitation of § 3632(d)(4)(E)(i) should not be applied because there was a defect in the removal proceedings that calls into doubt the validity of the order of removal—for example, because the removal proceedings did not comport with due process. Federal district courts, however, lack jurisdiction to review the legality of any final order of removal. *See* 8 U.S.C. § 1252(g). Mr. Galicia Cuevas cannot argue in this habeas proceeding that he should not have been made subject to a final order of removal because

---

[1] The document is dated typographically as having been entered on January 3, 2025, but was not signed until January 23, 2025. (*See* Doc. 1-1 at 1.)

[2] Attached to Mr. Galicia Cuevas's habeas petition is what appears to be a memorandum prepared on behalf of a different habeas petitioner. (*See* Doc. 1-1.) This Court assumes that Mr. Galicia Cuevas intends to assert the arguments in that memorandum to the extent that those arguments are relevant to his case.

this is not the appropriate venue for such a challenge to the validity of the underlying removal proceedings.

The third potential claim is that even if a final order of removal has been entered with respect to Mr. Galicia Cuevas, and even if that order of removal is valid, Mr. Galicia Cuevas had earned time credits under the FSA prior to the entry of the order of removal, and the BOP cannot now take those time credits away. The problem with this argument is that Mr. Galicia Cuevas's vested interest in being able to apply those credits depends on being free from any final order of removal. *See, e.g.*, *Mitchell-Palacio v. FCI Fort Dix (Warden)*, No. 24-cv-9831 (KMW), 2024 WL 4542223, at *1 (D.N.J. Oct. 21, 2024) ("The inherent flaw in Petitioner's argument, however, is that the very credits he seeks to protect—those granted by the [FSA]—are inherently contingent on Petitioner not receiving a final order of removal.") Under the plain text of § 3632(d)(4)(E)(i), regardless of whether a prisoner has earned FSA credits, that prisoner will be unable to *apply* those credits towards his or her sentence should the prisoner become subject to a final order of removal. While understandably frustrating for Mr. Galicia Cuevas, the BOP's actions are fully consistent with the text of the statute. The Court therefore concludes that Mr. Galicia Cuevas has failed to establish an entitlement to habeas corpus relief. Accordingly, it is recommended that his habeas petition be denied and this matter dismissed.

**RECOMMENDATION**

Based on the above, and on all of the files, records, and proceedings in this matter, **IT IS RECOMMENDED** that:

1. Petitioner Hector Galicia Cuevas's Petition for a Writ of Habeas Corpus (Doc. 1) be **DENIED**; and

2. This matter be **DISMISSED**.

Date: March 11, 2025

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).